L.B.F. 3015.1-1

**United States Bankruptcy Court**
**Eastern District of Pennsylvania, Philadelphia Division**

In re:                                                            Case No: 18-12518-ELF

**Akin Lackey**                                                   Chapter 13

        Debtor

**CHAPTER 13 PLAN**

_____ Original
__X__ Fourth Amended Plan

Dated: November 30, 2018

**The Debtor has filed for Relief under**
**Chapter 13 of the Bankruptcy Code**

**Your Rights Will Be Affected**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the debtor. This documents is the actual Plan proposed by the debtor to adjust debts. You should read these papers carefully and discuss them with your Attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015.5. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU MUST FILE A PROOF OF CLAIM BY THE DEADLINE SATED IN THE NOTICE OF MEETING OF CREDITORS**

**Part 1: Bankruptcy Rule 3015.1 Disclosures**

_____ Plan contains nonstandard or additional provisions - See Part 9
_____ Plan limits the amount of secured claim (s) based on value of collateral
_____ Plan avoids a security interest or lien

---

**Part 2: Payment and Length of Plan**

**2(a)(1) Initial Plan**

**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee")
Debtor shall pay the Trustee **$300.00** per month for **60 months;** and

\_\_\_\_\_Other changes in the scheduled plan payment are set forth in Section 2 (d)


**2(a)(2) Amended Plan**

   Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") **$32,123.91**
   The Plan payments by the Debtor shall consists of the total amount previously paid, which was $300.00 per month for 5 months, then $500.00 per month for 1 month, added to the new monthly Plan amounts in the amount of **$552.30 per month for 54 months beginning in January of 2019.**

   Other changes in the scheduled plan payments are set forth in Section 2(d)

---

**2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

**2(c)** Use of real property to satisfy plan obligations:

_____ Sale of real property
        See 7(c)below for detailed description

_____ Loan modification with respect to mortgage encumbering property:
        See 7(d) below for detailed description

---

**2(d)** Other information that may be important relating to the payment and length of Plan:


---

**Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)**

**3(a) Except as provided in 3 (b) below, all allowed priority claims will be paid in full unless the Creditor agrees otherwise:**

| Name of Creditor | Type of Priority | Estimated Amount to be Pain |
|---|---|---|
| Law Offices of Vaughn Booker | Legal Fees | $1,500.00 |

**3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less that full amount.**
     __X__ If none is checked, the rest of 3(b) need not be completed.

_____    The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in 2(a) be for a term of 60 months, see 11 U.S.C. Section 1322 (a)(4).*

| Name of Creditor | Amount of claim to be paid |
|---|---|
| | |

_____

**Part 4: Secured Claims**

**4(1) Curing Default and Maintaining Payments**
     If none is checked, the rest of Section 4(a) need not be completed

   The Trustee shall distribute and amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing

| Creditor | Description of Secured property and Address, if Real property | Regular Monthly Payment to be paid directly to Creditor by Debtor | Estimated Arrearage If applicable | Interest Rate on | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| 1. Di-Tech Financial, LLC | 306 E. Clarkson Ave Philadelphia, Pa. 19102 | | $25,510.10 | | $25,510.10 |
| 2. Di Tech Financial F/K/A Green Tree Servicing | 1235 65th Avenue | | $2,193.51 | | $2,193.51 |

**4(b) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim**

__X__   If none is checked, the rest of 4(b) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and if the court will make its determination prior to the confirmation hearing.

(3) any amounts determined to be allowed unsecured claims will be treated either (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed Secured claim, "present value" interest pursuant to 11 U.S.C. Section 1325 (a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, the payments made under this sections satisfy the allowed secured claim and release the corresponding lien.

| **Creditor** | **Description of Secured property and Address, if** | **Allowed Secured Claim** | **Present Value Interest Rate** | **Dollar Amount of Present Value Interest** | **Total Amount to Be Paid** |
|---|---|---|---|---|---|

**4(c)Allowed secured claims to be paid in full that are excluded from 11 U.S.C. Section 506**

__X__   If none, is checked, the rest of Section 4(c)need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor 9s) or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be aid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed Secured claim, "present value" interest pursuant to 11 U.S.C. Section 1325 (a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated Total |
|---|---|---|---|---|

**None**

**4(d) Surrender**

  **X  None.** If None is checked, the rest of 4 (d) need not be completed.

(1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2) The automatic stay under 11 U.S.C. Section 362 (a) with respect to the secured property terminates upon confirmation of the plan.

(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| **Creditor** | **Secured Property** |
|---|---|

---

**Part 5 Unsecured Claims**

**5(a) Specifically Classified Allowed Unsecured Non-Priority Claims**

  **X** None, If None checked the rest of Section 5 (a) need not be completed.

| **Creditor** | **Basis of Separate Classification** | **Treatment** | **Amount of Claim** | **Amount to be Paid** |
|---|---|---|---|---|

**5(b) All Other Timely Filed, Allowed General Unsecured Claims**

(1) Liquidation Test (*check one box*)

  __**X**__    All Debtor (s) property is claimed as exempt.

  _____Debtor(s) has non-exempt property valued at $   for purposes of Section 1325(a)(4)

(2) Funding 5 (b) claims to be paid as follows (check one box):

  **X**  Pro rata to Unsecured Creditors

  _____ 100%

  _____ Other (Describe)

_____

**Part 6: Executory Contracts & Unexpired Leases**

_____None, If None checked the rest of Section 6 need not be completed.

| **Creditor** | **Nature of Contract or Lease** | **Treatment by Debtor Pursuant to Section 365 (b)** |
|---|---|---|
| **Adele Austin** | **Tenant in property** | Assume |
| **Gustavo Armis** | **Tenant in property** | Assume |
| **Kistin Earls** | **Tenant in property** | Assume |
| **Shawn Minor** | **Tenant in property** | Assume |
| **Daia Brunetti** | **Tenant in property** | Assume |
| **Malana Bloom** | **Tenant in property** | Assume |

_____

**Part 7: Other Provisions**

**7 (a) General Principles Applicable to the Plan**

(1) Vesting of Property of the Estate (*check one box*)

  **X**      Upon confirmation

  _____ Upon discharge

(2) Unless otherwise ordered by the Court, the amount of creditor's claim listed in the proof of claim controls over any contrary amounts listed in Parts , 4 or 5 of the Plan.

(3) Post-petition contractual payments under Section 1322 (b)(5) and adequate protection payments under Section 1326 (a)(1)(B),© shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the Plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the Court.

**7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly payments made by the Debtor to the post-petition mortgage obligations as provided by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the Petition, upon request, the creditor shall forward the post-petition coupon book (s) to the debtor after this case has been filed.

(6) **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above**

**7(c)Sale of Real Property**

   **X**   None, If None checked the rest of Section 7 © need not be completed

(1) Closing for the sale of _____(the "Real Property") shall be completed withing _____ months of the bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under Section 4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marked for sale in the following manner on the following terms:

(3) Confirmation of this Plan shall constitute an Order authorizing the Debtor to pay at Settlement all customary closing expenses and all liens and encumbrances, including all Section 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. Section 363 (f), either, prior to or afer confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing Settlement sheet with 24 hours of the Closing Date.

(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale deadline:

**7(d) Loan Modification**

 None, If None checked the rest of Section 7(d) need not be completed.

(1) Debtor shall pursue a loan modification directly with **Greenwich Revolving Trust c/o Fay Servicing, LLC, on the property located at 1727 Dallas Street, Philadelphia, Pennsylvania 19104,** or it's successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection directly to Mortgage Lender in the amount of the regular monthly mortgage payment, which represents adequate protection. Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the Modification is not approved, Debtor shall either (A) file and Amended Plan to otherwise provide for the allowed claim of the Mortgage Lender or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

(1) Debtor shall pursue a loan modification directly with **Anson Street, LLC c/o Shellpoint Mortgage Servicing, on the property located at 1727 Dallas Street, Philadelphia, Pennsylvania 19104,** or it's successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection directly to Mortgage Lender in the amount of the regular monthly mortgage payment, which represents adequate protection. Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the Modification is not approved, Debtor shall either (A) file and Amended Plan to otherwise provide for the allowed claim of the Mortgage Lender or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

___

**Part 8: Order of Distribution**

  The order of distribution of Plan payments will be as follows:

**Level 1:** Trustee Commissions *
**Level 2:** Domestic Support Obligations
**Level 3:** Adequate Protection Payments
**Level 4:** Debtor's Attorney's Fees
**Level 5:** Priority claims, pro rata
**Level 6:** Secured claims, pro rata
**Level 7:** Specially classified unsecured claims
**Level 8:** General Unsecured claims
**Level 9:** Untimely filed, allowed general unsecured claims

*\* Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

___

**Part 9: Non Standard or Additional Plan Provisions**

  __X__, If None checked the rest of Section 9 need not be completed.

___

**Part 10: Signatures**

  Under Bankruptcy Rule 3015 (c),nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan. Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked. Any non standard or additional provisions set out other than in Part 9 of the Plan are VOID. By signing below, attorney for Debtor(s) or unrepresented Debtor (s) certifies that this Pln contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Dated: **11-30-18**                                   **/s/ Vaughn A. Booker, Esquire**
                                                      **Attorney for Debtor**

Dated: **11-30-18**                                   **/s/ Akin Lackey**
                                                      **Debtor**

If Debtor (s) are unrepresented, they must sign below: