United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                     Case No. 18-12518-elf
Akin Lackey                                                                Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Virginia               Page 1 of 1           Date Rcvd: Feb 21, 2019
                              Form ID: pdf900              Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 23, 2019.
db          Akin Lackey,    1235 65th Ave,    Unit B,    Philadelphia, PA   19126-3608

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                    TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 23, 2019                                Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 21, 2019 at the address(es) listed below:
              JEROME B. BLANK    on behalf of Creditor    Ditech Financial LLC paeb@fedphe.com
              JEROME B. BLANK    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC paeb@fedphe.com
              KEVIN G. MCDONALD    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com
              KEVIN M. BUTTERY    on behalf of Creditor    CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST
               kbuttery@rascrane.com
              KEVIN M. BUTTERY    on behalf of Creditor    GREENWICH REVOLVING TRUST BY WILMINGTON SAVINGS FUND
               SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE kbuttery@rascrane.com
              MARIO J. HANYON    on behalf of Creditor    Ditech Financial LLC paeb@fedphe.com
              NICOLE B. LABLETTA    on behalf of Creditor    Anson Street, LLC nlabletta@pincuslaw.com,
               vbarber@pincuslaw.com
              REBECCA ANN SOLARZ    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    GREENWICH REVOLVING TRUST BY WILMINGTON SAVINGS FUND
               SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              VAUGHN A. BOOKER    on behalf of Debtor Akin  Lackey vbs00001@aol.com
              WILLIAM C. MILLER, Esq.     ecfemails@ph13trustee.com, philaecf@gmail.com
              WILLIAM C. MILLER, Esq.     on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
                                                                                              TOTAL: 15

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Akin Lackey <br> _Debtor_ | CHAPTER 13 |
| Ditech Financial LLC <br> _Movant_ <br> vs. | NO. 18-12518 ELF |
| Akin Lackey <br> _Debtor_ | |
| William C. Miller Esq. <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$8,085.94**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 2018 to October 2018 at $1,649.47/month |
| | November 2018 to January 2019 at $1,663.04/month |
| Suspense Balance: | $202.12 |
| **Total Post-Petition Arrears** | **$8,085.94** |

2. The Debtor shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$8,085.94**

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$8,085.94** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due February 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,663.04 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.  In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.  If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.  The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.  The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 18, 2019

/s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant

Date: February 14, 2019

Vaughn A. Booker, Esquire
Attorney for Debtor

Date: 2/15/19

LeRoy Etheridge, Esq.
William C. Miller, III, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights or remedies.

## ORDER

Approved by the Court this 19th day of February, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank