United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Akin Lackey  
      Debtor

Case No. 18-12518-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Virginia    Page 1 of 1    Date Rcvd: Mar 20, 2019  
Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 22, 2019.  
db      Akin Lackey,    1235 65th Ave,    Unit B,    Philadelphia, PA    19126-3608

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                          TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 22, 2019                       Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 20, 2019 at the address(es) listed below:

       JASON BRETT SCHWARTZ    on behalf of Creditor    Anson Street, LLC jschwartz@mesterschwartz.com, jottinger@mesterschwartz.com  
       JEROME B. BLANK    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC paeb@fedphe.com  
       JEROME B. BLANK    on behalf of Creditor    Ditech Financial LLC paeb@fedphe.com  
       KEVIN G. MCDONALD    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com  
       KEVIN G. MCDONALD    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com  
       KEVIN M. BUTTERY    on behalf of Creditor    CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST kbuttery@rascrane.com  
       KEVIN M. BUTTERY    on behalf of Creditor    GREENWICH REVOLVING TRUST BY WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE kbuttery@rascrane.com  
       MARIO J. HANYON    on behalf of Creditor    Ditech Financial LLC paeb@fedphe.com  
       NICOLE B. LABLETTA    on behalf of Creditor    Anson Street, LLC nlabletta@pincuslaw.com, vbarber@pincuslaw.com  
       REBECCA ANN SOLARZ    on behalf of Creditor    GREENWICH REVOLVING TRUST BY WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE bkgroup@kmllawgroup.com  
       REBECCA ANN SOLARZ    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com  
       REBECCA ANN SOLARZ    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com  
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
       VAUGHN A. BOOKER    on behalf of Debtor Akin    Lackey vbs00001@aol.com  
       WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com  
       WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com  
                                                   TOTAL: 16

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| AKIN LACKEY, | : | |
| Debtor | : | Bky. No.   18-12518  ELF |

# O R D E R

**AND NOW,** upon consideration of the Motion to Approve Mortgage Modification ("the Motion") (Doc. # 98) filed by **Ditech Financial LLC** ("the Lender"), and after notice and hearing, and there being no objection thereto, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Debtor is **AUTHORIZED** to enter into the loan modification transaction as set forth in the Motion and consummation of the transaction **SHALL NOT CONSTITUTE** a violation of the automatic stay, 11 U.S.C. §362(a).

3. If: (a) the Lender has filed a proof of claim on account of pre-petition arrears and (b) the Trustee determines that the loan modification provides for reinstatement of the loan account and the elimination of the pre-petition arrears, the Trustee may treat the Lender's proof of claim as **DISALLOWED** insofar as it constitutes a demand for payment of prepetition arrears.

**Date: March 20, 2019**

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**