United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 18-12518-elf
Akin Lackey                                                               Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2         User: Virginia            Page 1 of 1            Date Rcvd: Aug 06, 2019
                          Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 08, 2019.
db             Akin Lackey,    1235 65th Ave,    Unit B,    Philadelphia, PA   19126-3608

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 08, 2019                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 6, 2019 at the address(es) listed below:
              JASON BRETT SCHWARTZ    on behalf of Creditor    Anson Street, LLC jschwartz@mesterschwartz.com
              JEROME B. BLANK    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC paeb@fedphe.com
              JEROME B. BLANK    on behalf of Creditor    Ditech Financial LLC paeb@fedphe.com
              KEVIN G. MCDONALD    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    Partners for Payment Relief DE IV LLC c/o SN
               Servicing Corp. bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    MTGLQ Investors, LP bkgroup@kmllawgroup.com
              KEVIN M. BUTTERY    on behalf of Creditor    CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST
               kbuttery@rascrane.com
              KEVIN M. BUTTERY    on behalf of Creditor    GREENWICH REVOLVING TRUST BY WILMINGTON SAVINGS FUND
               SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE kbuttery@rascrane.com
              MARIO J. HANYON    on behalf of Creditor    Ditech Financial LLC paeb@fedphe.com
              NICOLE B. LABLETTA    on behalf of Creditor    Anson Street, LLC nlabletta@pincuslaw.com,
               brausch@pincuslaw.com
              PAUL JOSEPH FANELLI    on behalf of Creditor    New Residential Mortgage LLC c/o NewRez LLC d/b/a
               Shellpoint Mortgage Servicing pfanelli@pincuslaw.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    GREENWICH REVOLVING TRUST BY WILMINGTON SAVINGS FUND
               SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              VAUGHN A. BOOKER    on behalf of Debtor Akin  Lackey vbs00001@aol.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
                                                                                                                                                                     TOTAL: 19

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Stip does not affect confirmed plan

| | |
|---|---|
| Akin Lackey<br>    Debtor | CHAPTER 13 |
| U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2018-R4<br>    Movant<br>vs. | NO. 18-12518 ELF |
| Akin Lackey<br>    Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$8,519.85**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2018 to July 2019 at $567.99/month |
| **Total Post-Petition Arrears** | **$8,519.85** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on August 1, 2019 and continuing through January 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $567.99 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,419.98 from August 2019 to December 2019 and $1,419.95 for January 2020** towards the arrearages on or before the last day of each month at the address below;

FAY SERVICING, LLC
P.O. BOX 81460
DALLAS, TEXAS 75381-4609

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature

Date: July 17, 2019            By: /s/ Rebecca A. Solarz, Esquire
                                Attorney for Movant

Date: 7-29-19                  _____
                                Vaughn A. Booker, Esquire
                                Attorney for Debtor

Date: 8/6/19                   _____
                                William C. Miller, Esquire    NO OBJECTION
                                Chapter 13 Trustee            *without prejudice to any
                                                              trustee rights and remedies.

# ORDER

Approved by the Court this <u>5th</u> day of <u>August</u>, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank